**HAMILTON, ESTATE OF, In Re**

Probate Court, Franklin Co

No 83781. Filed Sept 3, 1940

## OPINION

By McCLELLAND, J.

This matter comes before the Court upon the exceptions to the determination of this Court, by which it assessed for taxation the passage of property of a valuation of $50,000.00 from Edwin A. Hamilton to his trustees, which passage was more than two years prior to the date of the death of Mr. Hamilton. The record shows that on the 13th day of August, 1935, Edwin A. Hamilton entered into a trust agreement with Maggie L. Hamilton, his wife, and Walter H. Hamilton, his son, by the terms of which he delivered to his trustees certain securities of a par value of $50,000.00. By the terms of the trust instrument these securities were to be held by the trustees and the income accumulated until the oldest of the settlor's grandchildren should arrive at the age of eighteen years. When each of his respective grandchildren reached the age of eighteen years, then the trustees were authorized to expend for the benefit of said grandchild a sum not greater than $500.00 per year, and when the youngest of said grandchildren reached the age of eighteen years, then the entire net income of the trust should be given annually to the said grandchildren. The trust was to continue until the death of the grandchildren, at which time it was to be distributed. The trust instrument also contains a provision, by the terms of which the wife of the settlor might receive from the trust such amount of money, either from the corpus or income, as might be necessary for her maintenance and support. The trust instrument also contained a like provision for the benefit of the son, Walter H. Hamilton.

At the time the trust was created the settlor had four grandchildren, the oldest of which at that time was eight years of age, and the youngest was one year of age. At the time the trust was created the settlor was approximately seventy years of age. The record also discloses that on the 14th day of March 1938, Edwin A. Hamilton, the settlor of the trust, also executed a last will and testament, which has been admitted to probate by this Court. By the terms of said will he gave all of his property to Walter H. Hamilton, if living, and in case he should pre-decease the testator the property would go to his then living grandchildren. The inventory of the estate of Edwin A. Hamilton as filed in this Court, shows that his estate at the time of his death consisted of approximately $1100.00. The testimony also discloses that at the time of the creation of the trust the settlor put into this trust practically all of his property. We also find that the settlor makes no provision in the trust agreement for his wife except that hereinbefore mentioned. The will also discloses that there is no provision there-

in made for the widow of the testator. Upon an examination of the transcript of the testimony we find that Mrs. Hamilton states that she had an income of her own, that she inherited some property, and that she had accumulations of the savings of her self and her deceased husband, Edwin A. Hamilton. The testimony also discloses that at the time the trust was created the son, Walter H. Hamilton, one of the trustees, was a physician, having a practice of his own, and was maintaining his family from his own income. It is obvious also that the settlor at the time the trust was created disposed of practically his entire estate. It is claimed by the Tax Commission that the creation of this trust was a transfer of property to take effect at the death of the settlor and was a transfer of property in contemplation of death. With the first contention we cannot agree. Upon examination of the trust instrument we find that it is irrevocable. The settlor did not retain any benefits whatever. It was not, by the terms of the instrument, to become effective at the death of the settlor. The benefits began when the oldest grandchild reached the age of eighteen years. Although this may have been beyond the expectation of life of the settlor, it did by its terms become effective upon the death of the settlor. We, therefore, dismiss that contention with no further discussion.

The serious contention, however, is the latter one, under which it is the contention of the Tax Commission that the transfer of the property to the trustees was a transfer in contemplation of death. Sec. 5331 GC defines the terminology of the statute as follows:

" 'Contemplation of death' means that expectation of death which actuates the mind of a person on the execution of his will."

The Supreme Court of Ohio, in the case of **Tax Commission v Parker, 117 Oh St, at p. 215,** discusses at some length the meaning of that statute. On page 221, the Court uses the following language:

"The primary purpose of a person executing a will is to distribute his property; and it is the exception rather than the rule that the minds of men are actuated to make a will because of a sense of impending death. In general, men make wills at a time when they assume additional moral obligations or additional moral obligations are cast upon them, and the mind is actuated to make provision by way of distribution of property after death because of those obligations."

It is, therefore, obvious that contemplation of death does not mean that a person has a sense of impending death, or consciousness that his demise will soon occur. The Tax Commission not only relies upon the Parker case above referred to, but also upon the case of **Sherman v Tax Commission, reported in 125 Oh St, at page 367.** In that case property was transferred to a trustee but the settlor of the trust retained the benefits of same until her death and the actual benefit did not pass to the beneficiaries of the trust until the death of the settlor. That case, of course, comes directly within the operation of the statute and the facts are quite different from the case at bar.

In the case at bar the burden of proof is upon the Tax Commission to show that the transfer was made in contemplation of death, inasmuch as the transfer was made more than two years prior to the death of the settlor. It is the contention of the exceptor that the Tax Commission must furnish some testimony to that effect. With that narrow interpretation we cannot agree. It is necessary that the Tax Commission furnish some evidence rather than testimony to establish the presumption that the transfer was made in contemplation of death. The Court may consider the circumstances as well as the testimony, and in our opinion the circumstances in this case speak more eloquently or persuasively

than do the witnesses. There is not a particle of direct testimony of the witnesses to the effect that Dr. Hamilton intended to make a distribution of his property. In our opinion, however, the circumstances are such as to lead this Court to a different conclusion. Dr. Hamilton distributed his entire estate at the time of making the settlement. He was still actively engaged in the practice of medicine, apparently had a large income, and felt assured that his income would provide him with his proper maintenance and support during the remainder of his life. His wife had an independent income as shown by her own testimony. His son was a practicing physician and had his income and was supporting his children. It is the contention of the trustees that Dr. Hamilton wished to assure the education of his grandchildren, of whom he was very fond and very proud. There is no showing that there was any necessity for providing for the education of these grandchildren at the time it was done. There was no additional moral obligation placed upon Dr. Hamilton at the time the trust was created, nor did he assume any additional moral obligations, as is indicated in the Parker case, to which we have alluded.

It is the opinion of the Court that Dr. Hamilton in disposing of his property as he did by putting it in the hands of trustees for the benefit of his grandchildren, and with the incidental benefit of his wife and son, simply consummated one transaction which was a part of his plan for the distribution of his property.

It is. therefore, the opinion of the Court that this was a transfer made in contemplation of death and that the same is taxable under the statute.

Our attention has been called to the case of In re Frantz, 15 OO 590. That case originated in the Probate Court of Franklin County, Ohio. The Court assessed a certain transfer as made in contemplation of death. With this conclusion the Court of Appeals did not agree, but in the Frantz case Mr. Frantz did not dispose of his entire estate. The portion of the estate, the transfer of which was under consideration, consisted of only about five percent of his entire holdings. In our opinion, the testimony in that case is similar to the testimony in this case but the circumstances are entirely different as hereinbefore referred to.

Our attention has also been called to the Donnell case, which originated in the Probate Court of Hancock County, Ohio. This is reported in 28 Nisi Prius, N.S., at page 211. The Court is entirely familiar with that case and all the circumstances involved. Mrs. Donnell was not satisfied with the provisions of the will of her husband. She felt that J. C. Donnell did his son Otto a serious wrong in making the will which he did. She therefore chose to take under the will and immediately transferred over a million dollars of her property to her stepson, Otto. The Court held that she was not attempting to make a distribution of her property but was trying to correct a mistake which her husband had made and made the transfer for that sole and only purpose. The circumstances in that case are entirely different from those in the case at bar.

Our attention has also been called to the case In re Bender, 13 OO 215. The circumstances in that case are entirely different from those in the case at bar. In that case the settlor had made five gifts at different times to his respective children, and it was proven that he was attempting to help his children at a time when they needed it and was doing an act of generosity. In that case the testator had not disposed of his entire estate.

In support of our contention that we may consider the circumstances as well as the testimony, we again refer to the Frantz case, 15 OO 593, in which Judge Barnes uses the following language:

"It is impossible to set forth a formula that will control in all cases for the reason that it will be found impossible to find two cases identical in their facts.

The surrounding circumstances in each case have much to do with the final determination. Whenever we are dealing with motive, intent, or attitude of mind of a deceased person the determination of such elements permits a very wide scope of inquiry."

For the foregoing reasons we are compelled to come to the conclusion that the creation of the trust by Dr. Hamilton constituted a transfer of property in contemplation of death. The exceptions are, therefore, overruled, and an order may be drawn accordingly.